**DAY PITNEY LLP**
SEVEN TIMES SQUARE
NEW YORK, NY 10036-7311
(212) 297-5800
Attorneys For Defendant
United Parcel Service, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| RICHARD LEBLANC, | : | Case No. 11–CV–6983 (JPO) |
| Plaintiff, | : | |
| -against- | : | **ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF DEFENDANT UNITED PARCEL SERVICE, INC.** |
| UNITED PARCEL SERVICE, | : | |
| Defendant. | : | |

Defendant United Parcel Service, Inc. (improperly named as "United Parcel Service" and referred to hereinafter as "Defendant" or the "Company"), having its principal place of business at 55 Glenlake Parkway, N.E., Atlanta, Georgia 30328, provides the following Answer to the Amended Complaint (the "Complaint") of Plaintiff Richard LeBlanc:

83742875.3

**JURISDICTION AND VENUE**

1. Defendant admits that this Court has jurisdiction on the basis of diversity jurisdiction but denies that there is any basis in law or in fact for the claims asserted in the Complaint.

2. Defendant admits that venue properly lies in this judicial district but denies the factual allegations contained in paragraph 2 of the Complaint and further denies that there is any basis in law or in fact for the claims asserted in the Complaint.

**PARTIES**

3. Defendant admits that its business records indicate that Plaintiff resides in Newtown, Connecticut.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint, except to admit that it is an Ohio Corporation with principal place of business in Atlanta, Georgia, and that its business records demonstrate that it employed Plaintiff from April 7, 1992 to April 21, 2011.

**DEMAND FOR TRIAL BY JURY**

5. Defendant admits that Plaintiff demands a trial by jury but denies that there is any basis in law or in fact for that demand or for any of the relief requested in the Complaint.

**FACTUAL BACKGROUND**

6. Defendant denies the allegations contained in paragraph 6 of the Complaint, except to admit that its business records indicate that it employed Plaintiff beginning on or about April 7, 1992 as a package driver in the Central New York District.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint, except to state that its business records indicate that Plaintiff worked as an On Road Supervisor and, later, a Preload and Dispatch Supervisor prior to his termination on or about April 21, 2011.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant is without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendant is without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except to state that its business records indicate that Plaintiff took a medical leave of absence on or around May 21, 2007 through August 14, 2007, and, on or about February 8, 2009, his DOT card

expired and was not renewed.

11. Defendant is without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in the paragraph 11 of the Complaint, except to state that Defendant has no record of an accommodation request by Plaintiff.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant is without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in the paragraph 13 of the Complaint, except to state that Defendant has no record of an accommodation request by Plaintiff.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint, except to state that Plaintiff did inquire as to available positions in Connecticut but that Defendant has no record of an accommodation request by Plaintiff.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in

paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint, except to state that on or around May 7, 2008, Defendant transferred Plaintiff to the position of Preload and Dispatch Supervisor, which involved night hours and did not require a DOT card.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint, except to state that it is without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations regarding Plaintiff's medical condition contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint, except to state that Plaintiff did inquire as to available positions in Connecticut but that Defendant has no record of an accommodation request by Plaintiff.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant is without sufficient knowledge or

information to form a reasonable belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant is without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 27 of the Complaint, except to state that, on or about March 30, 2011, Plaintiff informed Defendant that he had not conducted the hazmat training class.

28. Defendant is without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 28 of the Complaint, except to state that, on or about March 30, 2011, Plaintiff informed Defendant that he had not conducted the hazmat training class.

29. Defendant denies the allegations contained in

paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint, except to state that, on the morning of the Keter audit, the safety department requested records regarding the training which Plaintiff was required to have completed with his employees.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint, except to state that, on the morning of the Keter audit, the safety department also requested records of other supervisors, including John Argiento and Donna Mannuza.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint, except to state that Plaintiff falsified attendance records and tests in the names of his employees for a training class.

33. Defendant admits the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint, except to state that Plaintiff admitted to falsifying attendance records and tests in the names of his employees for a training class.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint, except to state that on April 21, 2011, Defendant terminated Plaintiff's employment for dishonesty and that, prior to his termination, Plaintiff had received a salary increase.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint, except to state that Mannuza and Argiento were not terminated in April 2011.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint, except to state that, on or about August 17, 2011, Plaintiff's termination was reviewed by a Peer Review panel pursuant to Defendant's Employee Dispute Resolution Program, the Peer Review panel's non-binding recommendation was reinstatement without back pay, merit pay, or salary increase and with a final warning, and Defendant rejected the panel's recommendation.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant is without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 42 of the Complaint, except to state that, in or around March 2011, Plaintiff was absent from work for three days.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant is without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 44 of the Complaint, except to state that, on or about February 8, 2009, his DOT card expired and was not renewed.

45. Defendant is without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

**FIRST CAUSE OF ACTION**

46. Defendant repeats its answers to each and every allegation contained in all preceding paragraphs of the Complaint as if fully set forth at length herein.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint, and further denies that Plaintiff is entitled to any of the relief requested therein or as otherwise requested in the Complaint.

Defendant further denies that Plaintiff is entitled to any of the relief requested in the Wherefore clause that immediately follows paragraph 48 of the Complaint, including, but not limited to, subparagraphs (i) through (iv).

## AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses, Defendant states as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any loss sustained by Plaintiff was due to the actions of Plaintiff over whom Defendant exercised no control as to the issues in dispute.

### **THIRD AFFIRMATIVE DEFENSE**

The damages alleged by Plaintiff were not proximately caused by the actions of Defendant.

### **FOURTH AFFIRMATIVE DEFENSE**

Defendant owed no duty to Plaintiff that is in dispute in this case.

### **FIFTH AFFIRMATIVE DEFENSE**

The Complaint is barred in whole or in part by the doctrine of waiver and/or estoppel.

### **SIXTH AFFIRMATIVE DEFENSE**

On the facts alleged, Plaintiff is not entitled to an award of compensatory damages as alleged in the Complaint.

### **SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to any of the damages available under the New York City Human Rights Law.

### **EIGHTH AFFIRMATIVE DEFENSE**

On the facts alleged, Plaintiff is not entitled to an award of attorneys' fees or costs of suit on some or all of his claims.

### NINTH AFFIRMATIVE DEFENSE

On the facts alleged, Plaintiff is not entitled to the recovery of back pay, front pay or alleged lost benefits.

### TENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the relevant statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to make reasonable efforts to mitigate his alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff was an at-will employee who was subject to termination at any time for any reason.

### THIRTEENTH AFFIRMATIVE DEFENSE

Without prejudice to any other defense, any employment action taken with respect to Plaintiff was for legitimate, non-discriminatory and non-retaliatory reasons.

### FOURTEENTH AFFIRMATIVE DEFENSE

Without prejudice to any other defense, Plaintiff never requested an accommodation of Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

Without prejudice to any other defense, Plaintiff cannot perform the essential functions of his position with or without a reasonable accommodation.

### SIXTEENTH AFFIRMATIVE DEFENSE

Without prejudice to any other defense, Plaintiff was not and is not disabled within the meaning of the New York City Human Rights Law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and correct any alleged discrimination or retaliation, and Plaintiff unreasonably failed to avail himself of the Company's preventive and corrective policies and procedures and failed to otherwise avoid harm.

WHEREFORE, Defendant United Parcel Service, Inc. demands judgment in its favor and against Plaintiff Richard LeBlanc, dismissing the Complaint with prejudice, together with costs, attorneys' fees and such other relief as the Court may deem appropriate.

```
                                   Respectfully submitted,


Dated:  January 20, 2012           DAY PITNEY LLP
                                   Attorneys for Defendant
                                   United Parcel Service, Inc.


                                   By:  _/s/ Heather Weine Brochin___
                                        Daniel L. Schwartz
                                        Heather Weine Brochin
                                        Joseph C. Nuzzo, Jr.

                                        7 Times Square
                                        New York, NY 10036
                                        Phone:  (212) 297-5800
```

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of the within Answer of Defendant United Parcel Service, Inc. was served via the court's electronic case filing system and U.S. First Class Mail upon the following counsel for Plaintiff.

Walker G. Harman, Esq.<br>
The Harman Firm, P.C.<br>
Attorneys for Plaintiff<br>
200 West 57th St., Ste. 900<br>
New York, NY 10019

/s/ Heather Weine Brochin<br>
HEATHER WEINE BROCHIN

DATED: January 20, 2012.