UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
RICHARD LEBLANC,

        Plaintiff,

   -against-

UNITED PARCEL SERVICE,

        Defendant.
------------------------------------------------------------- X

11-CV-6983 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

  The deadline for fact discovery in this case was originally October 1, 2012. At a conference held on October 10, 2012, counsel for the parties raised various disputes relating to discovery. Although these disputes had not been raised in a timely manner, the Court allowed the parties to submit letters addressing their disagreements. Following the submission of those letters, on January 7, 2013, the Court issued an order, ruling as follows:

  1. Discovery was reopened, and the deadline for all discovery was extended to March 29, 2013. The Court also ruled that "[n]o further extensions will be granted absent compelling circumstances."

  2. The Court ordered Defendant to "designate one or two Rule 30(b)(6) witnesses, who shall be subject to deposition by Plaintiff's counsel for up to seven (7) hours total . . . to be completed by the close of discovery."

  3. The Court ordered each party to produce certain other discovery, and ruled that "[t]he parties' requests to compel discovery are denied in all other respects."

  Following issuance of the Court's January 7 order, the parties have submitted several additional letters relating to discovery. The principal dispute between the parties relates to the

30(b)(6) depositions, which have now taken place as provided in the January 7 order. The two 30(b)(6) witnesses produced by Defendant were prepared to address the "policies of UPS" relating to disability discrimination and accommodation of persons with disabilities, consistent with Plaintiff's original notice of deposition. Defendant argues that this was consistent with the Court's January 7 order. However, Plaintiff argues that Defendant should have produced a 30(b)(6) witness who was prepared to testify regarding "Defendant's affirmative defenses including, but not limited to any legitimate (non-discriminatory) reason for Plaintiff's termination"—pursuant to a later notice of deposition dated January 29, 2013.

At the October 10, 2012 conference, Plaintiff did raise the issue the issue of a 30(b)(6) witness to address the legitimate reason(s) for Plaintiff's termination. However, as Defendant points out, the Court did not require Defendant to produce such a witness at that time, given that discovery had closed in October 2012 and Plaintiff had not diligently sought the deposition of such a witness previously. In ordering the reopening of discovery for certain limited purposes in its January 7 order, the Court ordered Defendant to produce "one or two Rule 30(b)(6) witnesses," but did not specify the subject matter of such witnesses' testimony. In that order, the Court did not intend to reopen discovery for general purposes, but only for the limited purposes set forth therein. Nevertheless, the Court recognizes that there is some ambiguity in its January 7 order with respect to the subject matter of Defendant's 30(b)(6) witnesses.

Upon consideration of the parties' submissions and in the interest of ensuring an adequate record in this case, the Court has determined that there is good cause to reopen discovery one final time and for one limited purpose: to permit Plaintiff to depose a Rule 30(b)(6) witness of Defendant relating to Defendant's reasons for terminating Plaintiff.

Accordingly, it is hereby ORDERED as follows:

1. Discovery is reopened solely for the purpose of permitting Plaintiff to depose a Rule 30(b)(6) witness, to be designated by Defendant, who shall be prepared to address the subject of UPS's reasons for terminating Plaintiff.

2. Defendant shall designate such witness on or before June 28, 2013.

3. The deposition of such witness shall take place on or before August 2, 2013.

4. The deposition shall be limited to four hours.

5. All other requests to compel discovery are denied.

6. The final discovery deadline in this case is August 2, 2013. No further extensions of the discovery deadline will be granted absent compelling circumstances.

7. The parties shall submit letters with a proposed briefing schedule for summary judgment motions by August 16, 2013.

8. Both parties' requests for fees and costs are denied.

SO ORDERED.

Dated: New York, New York
       June 13, 2013

_____
J. PAUL OETKEN
United States District Judge